## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

|  |  |  |
|---|---|---|
| RICHARD PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-533 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

The Plaintiff, Richard Parker ("Mr. Parker"), sued under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration ("Acting Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act. This case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Eastern District of Virginia Local Civil Rule 72. The Acting Commissioner has moved to dismiss this case because Mr. Parker, the claimant, filed this action after the statute of limitations expired. For the following reasons, the undersigned **RECOMMENDS** that the Acting Commissioner's Motion to Dismiss, ECF No. 4, be **GRANTED** and this case be **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about August 19, 2011, Mr. Parker filed an application for DIB. R. 205. This initial application was denied on December 14, 2011. R. 71-83. Subsequently, Mr. Parker filed a request for a hearing before an Administrative Law Judge of the Social Security Administration ("ALJ") on April 25, 2012. R. 137-138. The ALJ issued a decision on April 17, 2013, and found that Mr. Parker was not entitled to disability benefits. R. 99-116. Following the decision of the ALJ, Mr. Parker requested review by the Appeals Council for the Office of Disability Adjudication and Review ("Appeals Council"). R. 182. The Appeals Council issued a Notice of Order remanding the case to the ALJ on May 10, 2014. R. 117. Following a rehearing, the ALJ issued a decision on August 27, 2014, again finding that Mr. Parker was not entitled to disability benefits. R. 11-24. Following that decision of the ALJ, Mr. Parker requested review by the Appeals Council. R. 10. The Appeals Council issued a Notice of Appeals Council Action on September 30, 2015, denying the appeal. R. 1-5.

On September 30, 2015, the Appeals Council mailed Mr. Parker a date-stamped letter informing him of the denial. R. 1-5. This letter was mailed to Mr. Parker's home address in Norfolk, Virginia, 23502. R. 1. The letter informed Mr. Parker that if he disagreed with the Appeals Council's decision, he would have sixty days after receiving the letter to file a civil action. R. 2-3. This letter further informed Mr. Parker that receipt of the letter was presumed "five days after the date on [the letter]." R. 2. Further, the letter informed Mr. Parker that if he could not file for civil review within sixty days, he could request an extension of time from the Appeals Council, and that such an extension must be for good reason. R. 3. The letter instructed Mr. Parker that a request for an extension of time must be in writing, listing the reason(s) for the

extension.[1]  R. 3.  The Appeals Council sent a copy of Mr. Parker's letter to Mr. Parker's legal counsel, Mr. John H. Klein ("Mr. Klein"), at his business address in Norfolk, Virginia, 23510. ECF No. 11, Ex. B.  The copy of the letter was date-stamped September 30, 2015.  *Id.*

Mr. Parker filed the instant action on December 7, 2015, later than the presumptive sixty-five days to which Mr. Parker was entitled.[2]  ECF No. 1.   Subsequently, the Acting Commissioner filed a Motion to Dismiss for Lack of Jurisdiction on the basis that Mr. Parker untimely filed his Complaint. ECF No. 4.  Mr. Parker filed a Response to Defendant's Motion to Dismiss, attaching two affidavits and Mr. Klein's date-stamped letter in support.  ECF No. 11. Ms. Kala Carr (Ms. Carr), Mr. Klein's secretary, stated in her affidavit that Mr. Klein's office received the date-stamped letter on October 8, 2015.  ECF No. 11, Ex. C.  Ms. Carr also noted that she date-stamped the letter on the day the letter was received (October 8, 2015).  *Id.*  Ms. Carr further averred that it was her practice to date-stamp all incoming mail for the day it was received.  *Id.*  Mr. Parker stated in his affidavit that he "is unable to recall" the date he received the letter, but "ha[s] no reason to believe that [he] received notice any earlier than [his attorney] since [he] live[s] in Norfolk, Virginia, and [his] attorney's office is located in Norfolk, Virginia." ECF No. 11, Ex. A.

## II. ANALYSIS

The undersigned first considered whether Mr. Parker's Complaint was timely filed.  The Acting Commissioner argued that since Mr. Parker's Complaint was filed after the sixty-day timeliness requirement, and the five-day presumptive period, the Complaint should be dismissed. ECF No. 5 at 1-2.  Mr. Parker argued that his Complaint was timely filed because he did not receive notice within the five-day presumptive period.  ECF No. 11 at 3.   While Mr. Parker

---

[1] There is no evidence that Mr. Parker, or his attorney, requested such an extension. ECF No. 5 at 5.
[2] Sixty days following the presumptive five days delivery from September 30, 2015 expired on December 4, 2015.

submitted some evidence in an attempt to rebut the five-day presumption, the undersigned concludes that Mr. Parker is unable to overcome the strict presumption.

The undersigned next considered whether Mr. Parker qualified for equitable tolling of the timeliness requirement.   While the Fourth Circuit recognizes the ability for claimants to overcome the timeliness requirement based on a theory of equity, equitable tolling is inappropriate in the instant matter.   Mr. Parker did not demonstrate that he acted with due diligence, nor show that he faced any extraordinary obstacle to timely filing his Complaint. Therefore, Mr. Parker does not qualify for equitable tolling of the timeliness requirement.

*A. The Statute of Limitations*

Section 405(g) of Title 42 of the United States Code provides that

[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).   Pursuant to the Commissioner's authority under Section 405, the Commissioner promulgated 20 C.F.R. § 422.210(c).   Under this regulation, the sixty-day statute of limitations begins to run when the claimant receives notice.   20 C.F.R. § 422.210(c).   This notice is essentially a letter mailed to the claimant addressing the Appeals Council's decision. ECF No. 11, Ex. 12. These regulations further provide that the notice ". . . shall be presumed to be [received] 5 days . . ." after the decision of the Appeals Council is issued.   20 C.F.R. § 422.210(c).[3]

The sixty-day timeliness requirement "is a statute of limitations . . . [and as] a condition on the waiver of sovereign immunity[,] . . . must be strictly construed." *Bowen v. City of N.Y.*,

---

[3] Rule 6(a) does not apply when a requirement is specified in a regulation. *See Tripp v. Astrue*, 864 F. Supp.2d 120, 122 (D.D.C. May 24, 2012).

476 U.S. 467, 479 (1986). "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Where the United States Government does not waive its sovereign immunity, no jurisdiction exists. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States has waived its sovereign immunity for social security claimants seeking judicial review of decisions made by ALJs. *See* 20 C.F.R. § 422.210. However, Congress is constitutionally empowered to set forth the procedures and conditions for the judicial review of administrative orders. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The statute of limitations must be strictly construed, because ". . . when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

A plain reading of the timeliness requirement demonstrates that a claimant must file their civil action within sixty days of receiving notice; and that the notice is presumed received five days after the issuance of the Appeals Council's decision. In the present matter, the Appeals Council issued its decision on September 30, 2015. ECF No. 5 at 33. Presumptively, Mr. Parker received notice by October 5, 2015, and had sixty days from that point to file a civil action before this Court. Mr. Parker subsequently filed the present civil action in this Court on December 7, 2015, three days after the timeliness requirement had expired. ECF No. 1. Therefore, Mr. Parker has not met the timeliness requirement.

*C. Rebutting the Five-Day Presumption*

The statute of limitations provides that notice is presumed five days after the decision by the Appeals Council is made. 20 C.F.R. § 422.210(c). However, it is possible for a claimant to overcome that five-day presumption if the claimant demonstrates ". . . a reasonable showing to

the contrary." 20 C.F.R. § 422.210(c). A variety of circuit courts have found that a claimant can in fact overcome the presumption. *See McLaughlin v. Astrue*, 443 F.App'x 571, 574 (1st Cir. 2011 ) (*per curiam*) (" . . . courts have found that the presumption has been rebutted where a claimant can show that the Appeals Council's notice had not been mailed until five days after the date on the notice or that the notice had been mailed to an incorrect address.").

A claimant can rebut the five-day presumption by submitting evidence to the contrary. In *Pettway v. Barnhardt*, the district court found that the presumption was rebutted when the claimant submitted his sworn affidavit, as well as his counsel's date-stamped letter, indicating that notice was received at least one day after the presumptive period. 233 F.Supp.2d 1354, 1356-58 (S.D. Ala. 2002). The court reasoned that since the claimant's affidavit indicated a date of receipt, and that date matched his counsel's date-stamped letter, the claimant met the burden to overcome the presumption. *Id.* at 1362-64. In another case, the district court concluded that counsel's date-stamped letter was enough to overcome the presumption on its own, since the claimant allegedly suffered from a mental impairment and could not remember receiving the letter. *Phillips v. Astrue*, No. C11-0503-JCC-MAT, at *3 (W.D. Wash. Nov. 29, 2011).[4] In another case, the First Circuit concluded that counsel's date-stamped letter was sufficient, when coupled with the claimant's testimony that she remembered receiving her letter after the five-day presumptive period had lapsed. *McLaughlin*, 443 F.App'x at 574-75. The court reasoned that a claimant ". . . need not allege a specific date of receipt of the Appeals Council's notice in order to make a reasonable showing that he or she received the notice after the five-day presumptive period had ended." *Id.* at 574. The First Circuit was particularly influenced that the claimant

---

[4] The court was not specific about what evidence had been proffered concerning the mental impairment. However, the court did put weight on the claimant's and attorney's affidavits alleging the mental impairment.

definitively recalled that she received the letter after the five-day presumptive period had lapsed, and could articulate a reason for so recalling.[5] *Id.*

   While the presumption can be overcome by presenting evidence to the contrary, a claimant's mere declaration that he did not receive notice within the five-day period is insufficient. *Pettway*, 233 F.Supp.2d at 1356 ("Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption."). In a heavily cited case, the Fifth Circuit went further, indicating that a claimant could not overcome the presumption by relying solely on evidence that his attorney did not receive notice within the presumed period. *Flores v. Sullivan*, 945 F.2d 109, 111-12 (5th Cir. 1991) (holding that the timely filing and notice requirements apply to the claimant, not his attorney). Several circuit courts have likewise held that notice sent to an attorney, received after the presumptive period, is not sufficient to overcome the presumption by itself. *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) ("Our focus is on the notice sent to [the claimant] . . ." rather than that sent to his representative); *see also Franks v. Apfel*, No. 98-15948, 1999 WL 362901, at *1 (9th Cir. 1999) (reasoning the plain language of the statute does not mention the term attorney, and therefore the claimant, not his attorney, bears the burden of demonstrating deficient notice); *and Ashcraft v. Astrue*, No. 5:11-CV-144, 2012 WL 1231789, at *2-3 (W.D. Ky. Apr. 12, 2012) (discussing at length the "near unanimity among the various circuit and district courts that 'individual' [in the Social Security Act] does not mean a claimant's attorney . . .").

---

[5] The claimant averred that, since she was anticipating having to appeal when she got the Notice, she would have called her attorney within a few days of receiving the appeal denial, which records established she did two weeks after the presumptive receipt date. *McLaughlin*, 443 F.App'x at 574. Further, the claimant stated that her attorney lived in the same geographic region as her, and therefore the claimant anticipated receiving the letter at the same time as her attorney. *Id.*

In the instant matter, Mr. Parker's attorney submitted his date-stamped letter, as well as an affidavit from his secretary detailing the method used to date-stamp letters received by the attorney's office. ECF No. 11 Ex. C. Mr. Parker likewise submitted an affidavit, but it merely averred that he is "unable to recall the date of receipt" and conjectured that he has "no reason to believe that [he] received the Notice any earlier than [his] attorney did."[6] *Id.* Ex. A. Outside of Mr. Parker's supposition, the only evidence of receipt of the Notice arises solely from Mr. Parker's attorney.

As noted, circuit courts across the nation are in near unanimous agreement that evidence provided solely from the claimant's attorney, even if accompanied by a declaration from the claimant that the Notice was not timely received, is insufficient to overcome the five-day presumption. In the instant matter, Mr. Parker's affidavit does not even aver that he did not receive the Notice within the presumptive time period. He does not remember when he received it. The *Phillips* Court indicated that counsel's date stamped letter, along with the claimant's declaration that he did not remember when he received Notice, was sufficient only because the claimant's mental impairment precluded him from affirming when he received Notice. While the record indicates that Mr. Parker may suffer from some cognitive disorder, this issue was neither developed nor relied on by Mr. Parker or his counsel to justify Mr. Parker's inability to recall when he received the Notice, as was the case in *Phillips.* Instead, Mr. Parker relies solely on conjecture or supposition that mail delivery in Norfolk is uniformly consistent, so he has "no reason to believe" he received Notice earlier than his attorney. Even the more liberal analysis used by the *McLaughlin* Court required that the claimant definitively aver that notice was received outside of the presumptive period. However, in the instant matter, Mr. Parker does not

---

[6] The claimant's reasoning for this conjecture is that he lives in Norfolk, the same city as his attorney's office. ECF No. 11 at 5. That he necessarily then received the Notice at the same time as his attorney constitutes mere supposition or speculation, especially in light of the fact that his zip code is different.

remember when he received notice; nor does he definitively recall receiving notice outside of the presumptive period. Therefore, Mr. Parker has not overcome the five-day presumption.

### D. Equitable Tolling of the Timeliness Requirement

The Fourth Circuit recognizes the possibility for the judiciary to use principles of equity to toll the timeliness requirement of Section 205: "equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (citing *Bowen v. City of New York*, 476 U.S. 467 (1986)). In *Hyatt*, the Fourth Circuit reasoned that since Congress recognized the existence of equitable tolling in the statute, equitable tolling by the judiciary does not violate the judiciary's jurisdictional decree. *Id.* However, "the Fourth Circuit has cautioned . . . that tolling the limitations period 'will rarely be appropriate.'" *Ratliff v. Colvin*, No. 1:11CV284, 2014 WL 1608269, at *2 (M.D.N.C. Apr. 22, 2014) (citing *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir.1986)).

Equitable tolling is limited to cases where, despite claimant's best efforts, some extraordinary circumstance prevented the claimant from timely filing his complaint, and therefore strict adherence to the timeliness requirement would be inappropriate. "[A] litigant seeking equitable tolling bears the burden of establishing two elements; (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Mr. Parker did not satisfy the first element, since he did not pursue his rights diligently. The First Circuit noted that a ". . . lack of diligence bars the application of equitable tolling." *McLaughlin*, 443 F.App'x at 574 (citing *Donahue v. United States*, 634 F.3d 615, 629 (1st Cir. 2011)) (stating that a claimant did not pursue his rights diligently when he waited more than six weeks after receiving "deficient" notice to file a civil

claim). Further, United States District Judge James R. Spencer held that a claimant who did not seek an extension of time, either from the agency or the court, was precluded from equitable tolling. *Edmunds v. Colvin*, No. 3:13cv539–JRS, 2014 WL 792022, at \*3 (E.D. Va. Feb. 25, 2014) ("In this case, Plaintiff had not requested an extension of the sixty-day deadline as of September 13, 2013. None of Plaintiff's filings with this Court seeks an extension of the sixty-day deadline. In sum, at no point has Plaintiff requested or shown any cause for an extension of the sixty-day deadline. As such, equitable tolling does not apply in this case."). Mr. Parker demonstrated a lack of diligence in the present matter by waiting more than eight weeks after receiving the alleged deficient notice to file the instant action. Moreover, Mr. Parker demonstrated a lack of diligence by not requesting an extension of time to file the instant civil action. As a result, Mr. Parker did not satisfy the first element of the equitable tolling doctrine.

Likewise, Mr. Parker did not satisfy the second element for equitable tolling, since he has not faced an extraordinary circumstance.[7] In *Hyatt*, the Fourth Circuit granted equitable tolling to the claimants, recognizing that inequities resulted from the agency's unpublished policies. 807 F.2d at 380-81 (holding that the commission's procedural mechanisms "depicted a systematic, unpublished policy that denied benefits [to claimants] in disregard of the law."). Similarly, the Supreme Court held in *Bowen* that when claimants are not aware of their procedural rights, equitable tolling can be sought. 476 U.S. at 480-81 (stating that when ". . . the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action."). In the instant matter, Mr. Parker made no showing

---

[7] A claimant must satisfy both elements in order to qualify for equitable tolling. Having failed to satisfy the first element, the undersigned will nevertheless address the second element.

that his procedural or substantive rights were violated by the agency.  As a result, Mr. Parker did not satisfy the second element.

Since Mr. Parker did not satisfy either of the elements required under the equitable tolling doctrine, he does not qualify for equitable tolling of the instant timeliness requirement.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** the Acting Commissioner's Motion to Dismiss, ECF No. 4, be **GRANTED** and this case be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Ms. Shellman is notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a de novo determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Plaintiff and counsel of record for both parties.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 25, 2016