UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RICHARD PARKER,**

    **Plaintiff,**

v.                                                              **Civil Action No. 2:15cv533**

**CAROLYN W. COLVIN**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## OPINION & ORDER

This matter is before the Court on Plaintiff Richard Parker's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of the Magistrate Judge, Doc. 17, and on Defendant Carolyn W. Colvin's ("Defendant") Motion to Dismiss for Lack of Jurisdiction, Doc. 4. For the reasons below, the Court **OVERRULES** Plaintiff's objections to the R&R and **ADOPTS** the R&R, Doc. 16, in its entirety. The Court **GRANTS** Defendant's Motion to Dismiss for Lack of Jurisdiction, Doc. 4, and this case is **DISMISSED WITH PREJUDICE.**

### I.     BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. See Doc. 17 at 1. On August 19, 2011, Plaintiff filed an application for disability insurance benefits ("DIB") with the Social Security Administration ("SSA"). R&R at 2. On December 14, 2011, Plaintiff's application was denied. Id. On April 25, 2012, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). Id. On April 17, 2013, the ALJ denied Plaintiff's application. Id. On April 30, 2013, Plaintiff appealed the ALJ's decision to the Appeals Council

for the Office of Disability Adjudication and Review ("Appeals Council"). R. 182.[1] On May 10, 2014, the Appeals Council notified Plaintiff that it remanded Plaintiff's case to the ALJ. R. 117–20. On July 16, 2014, the ALJ conducted a rehearing of Plaintiff's case. R. 14. On August 27, 2014, the ALJ again found that Plaintiff was not entitled to DIB. R. 11–24. On September 8, 2014, Plaintiff again appealed the ALJ's decision to the Appeals Council. R. 10. On September 30, 2015, the Appeals Council issued a Notice of Appeals Council Action ("Notice") denying Plaintiff's appeal. R. 1–5.

The Notice, dated September 30, 2015, was addressed to Plaintiff and "copied" to his counsel. R. 1, 3. The Appeals Council mailed the Notice to Plaintiff and his counsel. Pl.'s Aff. ¶¶ 2–3; Carr Aff. ¶ 2. Plaintiff's home address is Norfolk, Virginia (23502), R. 1, and his counsel's work address is Norfolk, Virginia (23510), R. 3. The Notice informed Plaintiff of the Appeals Council's denial of his appeal and the sixty-day time period for filing a civil action. R. 2–3. The Notice specified, "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." R. 2. Furthermore, the Notice advised Plaintiff that he could file a written request for an extension of time to file a civil case. R. 3.[2] Plaintiff has not alleged that he or his attorney sent such a request. See Doc. 5 at 5; Pl.'s Aff. ¶¶ 2–3. Five (5) days after September 30, 2015 was October 5, 2015. Sixty (60) days after October 5, 2015 was December 4, 2015. Plaintiff filed the Complaint in this Court on December 7, 2015. Doc. 1.

On March 8, 2016, Defendant filed a Motion to Dismiss for Lack of Jurisdiction alleging

---

[1] "R" refers to the Certified Administrative Record.
[2] The Notice said,
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

R. 3.

that this Court lacks subject matter jurisdiction over Plaintiff's untimely Complaint. Doc. 4 at 1. Plaintiff opposed the Motion to Dismiss, claiming that he has made a "reasonable showing" that his receipt of the Notice extended the time for filing this action or, in the alternative, that equitable tolling should apply. Doc. 11 at 3, 5–6.

On July 26, 2016, the Magistrate Judge entered his R&R RECOMMENDING that the Court GRANT the Motion to Dismiss. Doc. 16. Plaintiff filed his objections to the R&R on August 4, 2016, Doc. 17, Defendant responded on August 12, 2016, Doc. 18, and this matter is now ripe for the Court's consideration.

## II.  STANDARD OF REVIEW

### A.  Review of the R&R

The Court reviews de novo any part of a Magistrate Judge's R&R to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. As to the unchallenged portions of the R&R, the Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The R&R has no presumptive weight, and the Court remains responsible for making a final determination. See Mathews v. Weber, 423 U.S. 261, 269 (1976).

Objections to an R&R must be "specific and particularized" to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). If a party makes an argument in his pleadings but does not object

to the R&R on those grounds, the party has waived his right to appeal that issue. See id. at 622. ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

**B.    Time for Filing a Civil Action**

Under Section 405(g) of Title 42 of the United States Code,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Commissioner has authority to "make rules and regulations" based on this statute. § 405(a). The corresponding regulation dictates that a civil action must be filed "within 60 days after the Appeals Council's notice of denial of request for review . . . or notice of the decision by the Appeals Council is received by the individual . . ., except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c). Without such an extension, "[e]ven one day's delay in filing the action is fatal." Davidson v. Sec. of HEW, 53 F.R.D. 270, 271 (N.D. Okl. 1971).

Receipt of an Appeals Council denial notice is presumed five (5) days after the date of the decision. 20 C.F.R. § 422.210(c); Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 436 (6th Cir. 2007) (holding that "the 60-day period begins five days after the date of the denial notice," not after the notice is mailed).

*i.    Rebuttal of Presumption of Receipt*

**a.  Sufficiency of Rebuttal Evidence**

A claimant can rebut the presumption of receipt within five (5) days of the Appeals Council's decision if he makes a "reasonable showing to the contrary." Id. "[T]he plaintiff's burden is not to make an impregnable showing but only a reasonable one." Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1358 (S.D. Ala. 2002).

The Court must conduct a fact-specific inquiry. "[A] plaintiff must present some affirmative evidence indicating that actual receipt occurred more than five days after issuance." Marte v. Apfel, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998). The affirmative evidence need not be a specific date of receipt of the denial notice, but "[c]ourts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient . . . ." Pettway, 233 F. Supp. 2d at 1356. "[I]t is fairly well-accepted that affidavits that merely state a date of receipt more than five days after the Appeals Council's notice, or allege non-receipt within the five days, are not sufficient, standing alone, to rebut the presumption." McLaughlin v. Astrue, 443 F. App'x 571, 574 (1st Cir. 2011); McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987). Claimants must support their contentions with facts or extrinsic evidence. Pettway, 233 F. Supp. 2d at 1356. In general, "[c]ases ruling a claimant satisfied the 'reasonable showing' requirement of § 422.210(c) have required evidence demonstrating the plaintiff's lack of receipt." Ashcraft v. Astrue, No. 5:11cv144, 2012 WL 1231789, at *3 (W.D. Ky. Apr. 12, 2012) (citing Pettway, 233 F. Supp. 2d at 1357 n.5).

If a claimant shows that the Appeals Council's denial notice was not mailed until five (5) days after the notice date or it was mailed to the wrong address, the claimant can rebut the presumption. McLaughlin, 443 F. App'x. at 574; see Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984). Even if a claimant shows that a denial notice was not mailed until after the date printed on the notice, he does not automatically rebut the presumption. See Williams v. Colvin,

No. 1:14cv218, 2015 WL 5120790, at * (N.D. Fla. Aug. 27, 2015); Davila v. Barnhart, No. 02 CIV. 194 (DLC), 2002 WL 484678, at *2 (S.D.N.Y. Apr. 1, 2002). If, however, the claimant shows that the denial notice was not mailed until more than five (5) days after the date stamp, he can rebut the presumption. See Matsibekker, 738 F.2d at 81; McCall, 832 F.2d at 864.

Courts have considered cases in which various lengths of time passed between the notice date and alleged receipt. In Cook, the Sixth Circuit held that a claimant who averred receipt of the denial notice "sometime 'in August of 2005'" had not rebutted the presumption that he had received it within five (5) days of its date of August 1, 2005. 480 F.3d at 436–37. In McCall, the Fifth Circuit held that the claimant's and attorney's affidavits denying receipt of notice until seventy-five (75) days after the presumptive period of receipt were insufficient to rebut the presumption of receipt within five (5) days. 832 F.2d at 864. The affidavits needed support from a "more concrete showing that the plaintiff or her attorney actually did not receive the [denial] notice within five days of the date of mailing." Id.

A claimant's knowledge or recollection of his receipt of notice can also impact the presumption of receipt within five (5) days of the notice date. In McLaughlin, the First Circuit found that the claimant had "provided an explanation for why she was sure that receipt had occurred after [the presumptive receipt period] and submitted evidence in support." 443 F. App'x. at 574. She averred in her affidavit that

> although she could not remember the exact date that she had received the Appeals Council's notice, she nonetheless was sure that receipt had not occurred until after April 21. As for why she was sure, claimant essentially explained that she had spoken with counsel on either Monday or Tuesday, May 3 or May 4, regarding a possible appeal . . . and would not have waited more than a "few days" after receipt to speak with counsel.

Id. at 572–73. Her attorney also submitted a copy of the denial notice her office had date-stamped upon receipt. Id. at 572. Also finding a rebuttal of the applicable presumption, the

Pettway court examined and discounted the claimant's affidavit, which simply stated "how she [was] able to remember" the day she received the denial notice eleven (11) months before: she alleged it was Halloween. 233 F. Supp. 2d at 1356–57. The court instead relied on counsel's affidavit and representations "as to [counsel's] mail clerk's responsibility and training," which made counsel's date-stamped copy of the denial notice reliable and claimant's showing "reasonable." Id. at 1359 (noting that "the failure to show an office practice of date-stamping materials on the day received might suggest an increased chance of delayed stamping"). In Salter, the district court held that the claimant rebutted the applicable presumption because she submitted both "evidence that her attorneys received notice after the five-day window" and a notice "partially incorrectly addressed" to her. Salter v. Colvin, No. 4:12cv888, 2014 WL 1280269, at *7 (N.D. Ohio Mar. 27, 2014). Without this evidence, the claimant's statement "that she ha[d] no knowledge when or if she received" the notice, despite her admission of infrequently checking her mail, would have been insufficient. Id. at *6.

The Brown court considered whether the claimant's attorney's evidence could rebut the presumption for the claimant. See Brown v. Comm'r of Soc. Sec., No. 14-12525, 2015 WL 5655870, at *3 (E.D. Mich. Sept. 25, 2015). As in the instant case, the issue was "whether a date-received stamp, stamped on the Notice by Plaintiff's attorney's legal assistant upon receipt, is 'actual evidence' that Plaintiff received the Notice after the five days, thus rebutting the presumption." Id. The claimant stated that he "ha[d] no records, whatsoever, indicating the date the denial was received by him[,]" and the district court held that he failed to rebut the applicable presumption because he "failed to set forth any evidence, affidavit or otherwise, that indicated if or when he, himself, received the Notice[,]" much less that he received it after the presumptive date. Id.

**b. Whose Receipt Matters**

The Circuits are split on whether a claimant's attorney's late receipt of an Appeals Council Notice can extend the time for filing a complaint. See Chamberlain v. Colvin, No. 4:15cv31, 2016 WL 2609578, at *2–3 (N.D. Ind. May 5, 2016). The First, Fifth, and Sixth Circuits have highlighted the statutory language's reference to "you," meaning the claimant, not his attorney. See Cook, 480 F.3d at 436; Franks v. Apfel, 185 F.3d 866, No. 98-15948, 1999 WL 362901, at *1 (9th Cir. May 20, 1999); Flores v. Sullivan, 945 F.2d 109, 111–12 (5th Cir. 1991); Ashcraft, 2012 WL 1231789, at *3 (noting the "near unanimity among the various circuit and district courts that 'individual' [in the Social Security Act] does not mean a claimant's attorney"). By contrast, the Eighth and Ninth Circuits have held that "notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period." Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003); see Fista v. Comm'r of Soc. Sec., 141 F.3d 1175, at *1 (9th Cir. 1998) (unpublished decision); see also Leetch v. Sullivan, No. C90-1027J, 1991 WL 259261 (D. Wyo. Aug. 1, 1991). Still other courts have held that the date counsel receives the Appeals Council Notice is the date from which the limitations period runs. Allen v. Colvin, No. 2:13cv1366, 2015 WL 3902832, at *3 (E.D. Cal. June 24, 2015) (collecting cases).

*ii. Equitable Tolling*

The sixty-day time limit for filing "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of N.Y., 476 U.S. 467, 478 (1986). "[I]t is a condition on the waiver of sovereign immunity and thus must be strictly construed." Id. at 479. Equitable tolling is appropriate when "exceptional circumstances" exist, Gibbs v. Barnhart, No. 2:04cv0056, 2005 WL 283205, at *2 (W.D. Va. Feb. 7, 2005), but this situation is rare, Hyatt v. Heckler, 807 F.2d

376, 378 (4th Cir. 1986). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Equitable tolling generally applies "only where a plaintiff has actively pursued her judicial remedies by filing a defective pleading during the statutory period, or was tricked into allowing the sixty-day deadline to pass by some agency misconduct. Equitable tolling does not extend to 'a garden variety claim of excusable neglect.'" Reeves v. Colvin, No. 6:12cv27, 2014 WL 2573049, at *5 (W.D. Va. June 9, 2014). In addition, "the lack of diligence is clear" when an attorney has not requested an extension to file a civil action. 443 F. App'x at 574. A lack of diligence forecloses the application of equitable tolling, but it does not affect whether the receipt of presumption within five (5) days has been rebutted. Id.

### III. ANALYSIS

#### A. Introduction

Plaintiff alleges that the Complaint was timely because he rebutted the presumption that he received the Notice on October 5, 2015. Doc. 17 at 2. Plaintiff submitted three (3) items in support of his position on receipt: (1) Plaintiff's affidavit; (2) his attorney's copy of the Notice date-stamped "Oct 08 2015;" and (3) an affidavit from his attorney's secretary, Kala Carr, concerning her duties to date-stamp incoming mail. Pl.'s Aff.; Doc. 11, Ex. B; Carr Aff. According to Plaintiff, the sixty-day time limit did not begin to run until his attorney received the Notice on October 8, 2015. Doc. 17 at 4. "While Mr. Parker did not aver that he had failed to receive the Appeals Council's notice prior to October 5, 2015, he provided an explanation for why he was sure that receipt had occurred after October 5, 2015...." Id. Plaintiff's sworn affidavit states in pertinent part,

9

> I am unable to recall the date of receipt of the Notice of Appeals Council action, but I have no reason to believe that I received the Notice any earlier than my attorney did, particularly, since I live in Norfolk, Virginia and my attorney's office is located in Norfolk, Virginia.

Doc. 11, Ex. A. Ms. Carr further stated, "I would only put that date stamp on the Notice of Appeals Council Action if it was in fact received on that date." Id. ¶ 2.

Defendant counters that Plaintiff has not rebutted the applicable presumption. Doc. 18 at 2. "Plaintiff does not remember when he received the notice, nor does he definitively recall receiving notice outside the presumptive period." Id. at 3–4. "[O]utside Plaintiff's supposition, the only evidence of receipt of the notice arises solely from his attorney." Id. at 2. Defendant argues that courts have accepted an attorney's positive averment of receipt as sufficient when the claimant had a mental impairment that prevented him from "recalling when or whether he received the notice." Id. at 6 (citing Phillips v. Astrue, No. c11-0503, 2011 WL 6753089, at *3 (W.D. Wash. Nov. 29, 2011)). Here, however, claimant has not alleged that a mental impairment affected his receipt of the notice. Id. Defendant therefore argues that the Complaint is untimely because it was filed more than sixty-five (65) days after the date of the Notice. Id. at 6–7.

## B. Plaintiff's Complaint Was Untimely

It is undisputed that the Notice is dated September 30, 2015. R. 1. Receipt is thus presumed to have occurred on October 5, 2015, and the sixty-day limitations period expired on December 4, 2015. See 20 C.F.R. § 422.210(c). Plaintiff's complaint, filed on December 7, 2015, is late[3] unless Plaintiff has rebutted the applicable presumption. See id.

First, this Court has not adopted the minority position that an attorney's late receipt of a

---

[3] If Plaintiff's deadline had fallen on a Saturday or Sunday, Plaintiff could file his Complaint on Monday, December 7, 2015. McLaughlin v. Astrue, 443 F. App'x 571, 573 (1st Cir. 2011). However, December 4, 2015 was a Friday. The Complaint is therefore three (3) days late.

10

denial notice is sufficient to rebut the presumption of the claimant's receipt within five (5) days of the notice date. See R&R at 8. Therefore, this Court applies the majority principle that "the non-receipt by the claimant, not the claimant's attorney, controls the five-day presumption." Ashcraft, 2012 WL 1231789, at *3.

Consequently, Plaintiff's submissions are insufficient to rebut the presumption of receipt on October 5, 2015. Plaintiff notes that he does not remember when he received the Notice, but he "ha[s] no reason to believe that [he] received the Notice any earlier than [his] attorney did" because the Notice was sent to their respective addresses in Norfolk. Doc. 11, Ex. A ¶ 3. Unlike the McLaughlin and Pettway claimants, however, Plaintiff has not offered any specific and credible information as to how he knows the Notice must have arrived after October 5, 2015. See 443 F. App'x at 572–73. Further, no evidence exists to demonstrate that Plaintiff suffers from a mental impairment that inhibits his recollection of receipt, see Phillips, 2011 WL 6753089, at *3, or that Defendant improperly addressed the Notice, see Salter, 2014 WL 1280269, at *7. Plaintiff relies on the proximity of his home and counsel's office in conjunction with counsel's copy of the Notice date-stamped "Oct 08 2015." Doc. 11, Ex. A ¶ 3, Ex. B. Plaintiff provided no evidence of the distance between the Norfolk locations or the reliability of mail delivery in the area, and the Magistrate Judge properly characterized Plaintiff's statement as "conjecture." R&R at 8. Indeed, Plaintiff himself used less than convincing language in stating that he "ha[s] no reason to believe" that he received the Notice earlier than his attorney. Pl.'s Aff. ¶ 3. Furthermore, though Ms. Carr averred that she would only have stamped the Notice on the date it arrived, counsel provided no information about her "responsibility and training," which the Pettway court considered important in evaluating an attorney's notice date-stamped by legal staff. See 233 F. Supp. 2d at 1357. As in Brown, where the attorney provided a date-

stamped notice and the claimant provided no evidence whatsoever indicating his receipt of the notice, Plaintiff has provided only his attorney's date-stamped Notice and no convincing evidence concerning his receipt of the Notice before or after October 5, 2015. Therefore, Plaintiff has failed to rebut the presumption of receipt of the Notice within five (5) days of September 30, 2015.

### C.     Plaintiff Waived His Equitable Tolling Argument

In opposition to Defendant's Motion to Dismiss, Plaintiff appeared to argue that equitable tolling applies because the Agency misled Plaintiff about his time to file a civil action:

> Where it is clear that Plaintiff's attorney received the Notice on October 8, 2015, that should be the date applicable to the agency which sent the Notice, and to Plaintiff and his attorney. It would be quite inequitable for the agency to tell Plaintiff and his attorney one thing in the Notice of Appeals Council Action, but to then argue something else in this Court.

Doc. 11 at 6; see Reeves, 2014 WL 2573049, at *5. Indeed, the denial notice language in Plaintiff's Notice somewhat clumsily recites the standard for calculating the time for filing a civil action: "The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." R. 2. The calculation begins the day after presumed—not actual—receipt of the denial notice, or sixty-five (65) days after the date on the denial notice. 20 C.F.R. § 422.210(c).

Nevertheless, Plaintiff raised no equitable tolling objection to the R&R, see Doc. 17, and the Court detects no clear error in the Magistrate Judge's relevant portion of the R&R, see R&R at 9–10; Diamond, 416 F.3d at 315. Therefore, Plaintiff waived his equitable tolling argument, and the Court need not analyze whether equitable tolling applies. See Fed. R. Civ. P. 72(b)(3); Midgette, 478 F.3d at 622.

### IV.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, Doc. 17, and **ADOPTS** the R&R, Doc. 16, in its entirety. The Court **GRANTS** Defendant's Motion to Dismiss for Lack of Jurisdiction, Doc. 4, and this case is **DISMISSED WITH PREJUDICE**.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

February 14, 2017